(No. 1222—

LOUIS F. FREEMAN, Claimant *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 25, 1929.*

LOUIS L. COHEN, for claimant.

OSCAR E. CARLSTROM, Attorney General; FRANK R. EAGLETON, Assistant Attorney General, for respondent.

MR. JUSTICE LEECH delivered the opinion of the court:

This is a claim filed by Louis F. Freeman, of Chicago, Illinois, for injuries sustained by him while in the State Militia or National Guard of the State of Illinois, on August 12th, 1926. The facts revealed by the evidence show that he was employed by the Western Electric Company at its Chi-

cago office, in its assembling department, receiving a salary of $44.88 a week; that on August 12th, 1926, he was engaged in maneuvers ordered by his commanding officer in the Village of New Milford, a short distance from Camp Grant; that at that time, he was a staff sergeant in charge of a platoon consisting of a team of horses, a wire reel cart and four men; that about noon of that day Freeman's platoon had completed the gathering up of wire previously strung, in accordance with the orders of his commanding officers; that they had stopped to water their horses and Freeman was about to secure lunch for the men of his platoon, when for some unknown reason the team of horses suddenly became frightened and bolted; that one man in the platoon in charge of the team had hold of the horses but was being dragged along by them; that close by was an orphanage, and in the road in front of which a group of small children were playing; that Freeman sensed the danger to those children and leaped for the horses and grasped hold of part of the harness; that the man in his platoon, who had previously held the horses was compelled to let go, and Freeman found himself alone trying to stop the team; that the team headed down the road in the direction of the children, but Freeman was able to deflect their course sufficiently to avoid running into the group of children; that during the progress of the team's run Freeman was thrown against a tree; the reel cart swung around and caught his leg above the knee, breaking it; that no injuries were sustained by anyone other than Freeman; that he was incapacitated from performing his duties for over a year; that he suffered great pain and anguish during the time his leg was healing; that it was necessary to operate surgically on the leg upon two occasions, separated from each other by almost a year's time, in order to make the recovery which has been made; that he is now suffering from a shortage of the leg about three-quarters of an inch and that in healing the leg became bowed to a marked degree, and that he still suffers pain and has been left a virtual cripple by the accident.

A demurrer filed by the Attorney General of the State of Illinois, is sustained as a matter of law.

We feel that an award in this case is justifiable, and accordingly award to claimant the sum of Four Thousand Dollars.